1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

        Plaintiff,

  v

STEVEN C. YONICH,

        Defendant.

Case No.  CR94-5763RJB

ORDER

     This matter comes before the court on the Defendant's Motion for Approval of Agreed Lump-Sum Restitution Payment and for Remission of Remaining Restitution Obligation (Dkt. 317).  The court is familiar with the records and files herein and all documents filed in support of and in opposition to the motion.

     There are certain things missing from the record in this matter that need to be provided, or done, before the court rules definitively on this motion.  They are as follows:

(1)     The defendant should provide to the court a detailed financial statement, under oath, showing his assets and liabilities and his income and expenses;

(2)     Historically, restitution amounts are first determined by contact between the United States Attorney's Office and the victims of crimes.  It appears to the court that the United States Attorney's Office should contact the victims in this matter to determine the best interests of the victims.  The hard legal position the government takes may be depriving the victims of a needed partial restitution that

ORDER GRANTING MOTION- 1

could be more important than strict adherence to the law. It could be that strict adherence to the law will leave the victims almost totally uncompensated and would impose a further injustice on the victims. The United States Attorney should address that issue.

(3) If the court is without authority to cancel the remaining restitution, as the government urges, the government and the defendant should consider other possible options. It may be that a covenant not to enforce further payments, or some other agreement, would allow the defendant's proposal to go forward. It is possible that under 18 U.S.C. § 3664(k), it would be appropriate for the court to adjust the payment schedule to a nominal amount, which would both protect the defendant and the victim. In any event, the parties should consider possible alternatives that could fairly compensate the victims and protect the defendant.

In order to give the parties time to consider the foregoing matters, the motion will be continued for disposition to **7 April 2006.**

**IT IS SO ORDERED.**

The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record, to any party appearing *pro se* at said party's last known address,

DATED this 10th day of March, 2006.

Robert J. Bryan
United States District Judge

ORDER GRANTING MOTION- 2